IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STAR TECHNOLOGIES LIMITED
LIABILITY COMPANY,

                Plaintiff,

v.                                            CIVIL ACTION NO.   3:22-0333

TREMCO INCORPORATED,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Tremco Incorporated's Motion to Dismiss with Prejudice. ECF No. 4. For the following reasons, the Court **DENIES** the Motion.

**I. BACKGROUND**

Plaintiff Star Technologies LLC ("Star Technologies") is a company formed and organized in West Virginia, with its principal place of business in Cabell County. Compl. ¶ 1, ECF No. 1-1. Defendant Tremco Incorporated ("Tremco") is an Ohio company which conducts business in West Virginia. *Id*. ¶¶ 2-3. The dispute between the parties stems from allegedly inadequate roof repairs which Tremco conducted on Star Technologies' building. *Id*. ¶¶ 13-16.

On approximately April 6, 2015, Tremco submitted a proposal to Star Technologies for roof restoration work on a Star Technologies building in Huntington, West Virginia. *Id*. ¶ 6. The proposal stated that the work came with a "12 Year Leak Free Warranty," but did not elaborate further on this language. *Id*. ¶ 11; Ex. 1. Star Technologies attests that "at no time prior to making

its proposal, at the time of the proposal, when the proposal was accepted by Star Technologies, during any of the restoration work, when invoicing for the work, or when Star Technologies made payment for the restoration work did Tremco limit" or otherwise modify this stated 12-year warranty. *Id*. ¶ 12. On or about July 27, 2015, Star Technologies accepted the proposal, and roof restoration work was conducted from approximately August 12 to October 14, 2015. *Id*. ¶¶ 7, 9. At Star Technologies' request, Tremco provided an invoice for the work on January 14, 2016 and a further itemized invoice on February 17, 2016. *Id*. ¶ 10. Star Technologies then issued payment in full of $52,875. *Id*. Since the completion of the roof restoration work, the roof in question has allegedly leaked repeatedly. *Id*. ¶ 13-14. Star Technologies avers that it has made Tremco aware of these leaks, and that Tremco made numerous efforts to repair the roof, to no avail. *Id*. ¶ 15. Furthermore, Star Technologies alleges that Tremco has stopped responding to reports of roof leaks, used incorrect materials in roof construction, failed to properly seal the roof, and "committed a variety of installation errors." *Id*. ¶¶ 15-16.

On June 15, 2022, Star Technologies commenced this action via a five-count Complaint in the Circuit Court of Cabell County, West Virginia. Star Technologies is seeking to recover damages for (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty, (4) breach of implied warranty of fitness for particular purpose, and (5) fraud. On August 8, 2022, Defendant timely removed this action to the United States District Court for the Southern District of West Virginia based on diversity jurisdiction. ECF No. 1. Tremco now motions for dismissal of Plaintiff's Counts III, IV, and V. Mot. to Dismiss, ECF No. 4; Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 5. Defendant also seeks dismissal of Plaintiff's claimed damages for roof replacement, business interruption, annoyance and inconvenience, and counsel fees. *Id*.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the facts alleged in the complaint need not be probable, the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court accepts all factual allegations in the complaint as true. *Id.* Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Nonetheless, a plaintiff need not show that success is probable to withstand a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

## III. ANALYSIS

a. **Consideration of the Appended 12-Year Warranty**

"A motion to dismiss tests the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013); *see* Fed. R. Civ. P. 12(d). Therefore, the Court's evaluation is limited to the allegations in the complaint itself. *Schneider v. Donaldson Funeral Home*, 733 Fed. App'x 641, 645 (4th Cir. 2018). This evaluation can include, however, documents attached to or specifically incorporated into the complaint by reference. *Id*. (citing *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). "When a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Collins v. Red Roof Inns, Inc.*, 248 F. Supp. 2d 512, 516 (S.D.W. Va. 2003) (quoting *Gasner v. Cty. Of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)). However, the document must be "integral to the complaint and there [must be] no dispute about the document's authenticity." *Goines*, 822 F.3d at 166.

As part of its Motion to Dismiss, Tremco has attached a document entitled "Warranty #163756, Alumination 301, 12 Year Limited Material and Labor Waterproof Warranty." Mot. to Dismiss at Ex. A. Tremco asserts that this is the same warranty referred to in Plaintiff's Complaint as the "12 Year Leak Proof Warranty" and referenced in the attached invoice. Def.'s Br. in Supp. of Mot. to Dismiss 2; *see* Compl. ¶¶ 11-12, 22, 40. Tremco argues that, as this warranty was relied upon and integral to Plaintiff's Complaint, the Court should consider it in evaluating Defendant's Motion to Dismiss. Def.'s Br. in Supp. of Mot. to Dismiss 6. In response, Plaintiff emphasizes that the warranty provided by Tremco was dated and issued more than three months after restoration work was completed. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 1, 4, ECF No. 8. Plaintiff argues

that while its Complaint referenced the "12 Year Leak Free Warranty," that "Warranty" referred to promises made by Tremco prior to beginning work on Star Technologies' roof, rather than the warranty document now attached to Tremco's Motion to Dismiss. *Id*. at 4; *see* Compl. ¶¶ 11-12, 22, 40, Ex. 1. Plaintiff further disputes the authenticity of the attached warranty and argues the Court should refuse to evaluate it on those grounds. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 4-5 (citing *Goines*, 822 F.3d at 166).

The Court will not consider the warranty document provided by Tremco in its Motion to Dismiss. While Count II of Star Technologies' Complaint is for breach of express warranty, the express warranty to which it refers is the "12 Year Leak Free Warranty" made by Tremco as of its April 6, 2015 proposal. Compl. ¶¶ 21-24, Ex. 1. This warranty was allegedly expressly made by Tremco as of the time of its proposal, and documentation supporting the existence of that warranty has been appropriately attached to the Complaint. *See id*. The Court finds that Star Technologies' Complaint is not referring to the document Tremco has attached, which the parties agree was provided to Plaintiff only several months after the completion of the roof restoration. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 2, 4; Def.'s Reply to Pl.'s Resp. in Opp'n to Mot. to Dismiss 2, ECF No. 10. While the invoice attached to the Complaint did refer to a "12 Year Leak Free Warranty" and provided a serial number for that warranty which matches the document appended by Tremco in the instant motion, the invoice did not contain any details concerning the contents of the warranty document. Compl. Ex. 3. Therefore, the warranty which Tremco wishes the Court to consider is neither integral to Star Technologies' claims nor incorporated by reference in the Complaint. Accordingly, the Court will not consider it in deciding this Motion to Dismiss.

### b. Arguments Made by Defendant Which are Reliant Upon Consideration of the Warranty Document

Defendant Tremco argues in its Motion to Dismiss that the attached "Warranty #163756" expressly disclaims both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose, and, therefore, the Court should dismiss Plaintiff's claims under those theories. Def.'s Br. in Supp. of Mot. to Dismiss 6-8. Tremco further argues that this warranty bars the remedies which Plaintiff seeks, namely, (1) the cost to replace its roof, (2) business interruption, (3) annoyance and inconvenience, and (4) litigation expenses. *Id*. at 8-9. As the Court has determined it will not consider this document in its evaluation of the sufficiency of Plaintiff's Complaint, the Court will not dismiss the Complaint due to these arguments which are reliant upon that document.

Similarly, Defendant argues that the affirmative choice of law provision in the attached "Warranty #163756" should control the Court's analysis. Def.'s Br. in Supp. of Mot. to Dismiss 7 n.3. Defendants are correct that courts will generally honor express choice of law provisions. *Id*. (citing *Melton v. Precision Laser & Instrument, Inc.*, 2013 U.S. Dist. LEXIS 7982 at *9 (S.D.W. Va. Jan. 18, 2013)). And yet, the Court will not find in evaluating a Motion to Dismiss that an extrinsic choice of law provision in a non-integral document controls.

### c. Gist of the Action Doctrine

In its Motion to Dismiss, Defendant Tremco argues that Star Technologies' Count V claim of fraud is barred by "gist of the action" doctrine. Under West Virginia's "gist of the action" doctrine, "[a]n action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract." *Soyoola v. Oceanus Ins. Co.*,

986 F. Supp. 2d 695, 707 (S.D.W. Va. 2013) (quoting *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619 (2002)). "Whether a tort claim can coexist with a contract claim is determined by examining whether the parties' obligations are defined by the terms of the contract." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (2013) (per curiam) (citing *Goldstein v. Elk Lighting, Inc.*, 2013 WL 790765, at *3 (M.D.Pa. Mar. 4, 2013)). The gist of the action doctrine is intended to prevent the recasting of contract claims as tort claims. *Id*. at 577; *Covol Fuels No. 4, LLC v. Pinnacle Mining Co.*, 785 F.3d 104, 115-16 (4th Cir. 2015) (holding gist of action doctrine bars "a breach of contract claim masquerading as a tort."). Therefore, actions based in tort—such as Plaintiff's fraud claim—are barred in situations

    (1) where liability arises solely from the contractual relationship between the parties;
    (2) when the alleged duties breached were grounded in the contract itself;
    (3) where any liability stems from the contract; [or]
    (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Gaddy*, 746 S.E.2d at 577 (citing *Star v. Rosenthal*, 884 F. Supp. 2d 319, 328–29 (E.D. Pa. 2012)).

However, the doctrine is inapplicable for fraud based on "expressions of intention" made at the time a promise was made, where the promising party lacked the intent to fulfil its promises. *Soyoola*, 986 F. Supp. 2d at 707-08 (citing *Lockhart*, 567 S.E.2d 619); *see Indus. Maintenance Solutions, LLC v. BGSE Group, LLC*, 2022 WL 4239347 at *4 (N.D.W. Va. Sept. 14, 2022) (finding fraud sufficiently pled as separate from contract breach where defendant allegedly made fraudulent inducements during contract negotiations). Accordingly, where "success of the fraud claim may not depend upon proving that [defendant] breached its obligations under the contract" the gist of the action doctrine will not bar a claim. *Perrine v. Branch Banking & Trust Co.*, 2018 WL 11372226 at *4 (N.D.W. Va. Sept. 25, 2018).

Under West Virginia law, the essential elements of a fraud claim are "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied upon it." *Bowens v. Allied Warehousing Servs., Inc.*, 729 S.E.2d 845, 852 (2012). Here, Plaintiff has alleged that "Tremco made false and material representations of its proposal" during initial contract negotiations. Compl. ¶¶ 38-39. Furthermore, Plaintiff alleges that "at the time of making these representations . . . . Tremco knew they were false." *Id*. ¶ 41. Plaintiff contends it reasonably relied upon these allegedly deliberate misrepresentations to its determent. *Id*. ¶¶ 39, 42-43.

The Court finds that these allegations plausibly plead fraud based on expressions of intention made at the time of the contract proposal by Tremco. If Plaintiff proves its allegations at trial concerning Defendant's ill-intentions and misrepresentations during the contract proposal process, Star Technologies could prevail on a fraud claim without having to prove that Tremco breached its obligations under the contract. *See Sooyla*, 986 F. Supp. 2d at 707-08; *Perrine*, 2018 WL 11372226 at *4, *Indus. Maintenance Solutions*, 2022 WL 4239347 at *4. Accordingly, the gist of the action doctrine is inapplicable.

### d. Adequacy of Fraud Claim Under Federal Rule of Civil Procedure 9(b)

In addition to its argument based on "gist of the action" doctrine, Defendant Tremco has motioned to dismiss Count V: Fraud of the Complaint as insufficiently pled, lacking the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. Def.'s Br. in Supp. of Mot. to Dismiss 13. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent,

knowledge, and other conditions of a person's mind may be alleged generally." To satisfy this Rule, at a minimum, the complaint must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)) (internal quotations omitted). And yet, "[a] court should hesitate to dismiss a complaint under Rule 9(b)" if the allegations of fraud are specific enough to put the defendant on notice "of the particular circumstances for which [it] will have to prepare a defense at trial" and the "plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784. Additionally, pleading a fraud claim does not require proving a fraud claim; pleadings need not contain every element of proof. *See Pocahontas Mining Co. Limited Partnership v. OXY USA, Inc.*, 503 S.E.2d 258, 263 (W. Va. 1998) (concurring opinion).

Here, the Court finds that Plaintiff has pled fraud with adequate specificity to satisfy Rule 9(b). The Complaint delineates the time, place, and contents of the false representations. First, it asserts that the false representations from Tremco were contained in Tremco's April 6, 2015 proposal. Compl. ¶¶ 6, 39. Second, Plaintiff specified which portion of said proposal was allegedly fraudulent. *Id.* ¶ 40. Third, the proposal was attached to the Complaint. *Id.* at Ex. 1. Therefore, the Court reject's Tremco's argument that Count V insufficiently pleads fraud under Rule 9(b); Tremco has been adequately placed on notice of the particular circumstances for which it will have to prepare a defense at trial.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss with Prejudice. ECF No. 4. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 1, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE