# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

STAR TECHNOLOGIES LIMITED
LIABILITY COMPANY,

                Plaintiff,

v.                                        CIVIL ACTION NO.   3:22-0333

TREMCO INCORPORATED,

                Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Reopen Discovery. *See* ECF No. 87. Upon review, the Court **GRANTS IN PART** the motion.[1]

## LEGAL STANDARD & ANALYSIS

A district court has "wide latitude" in controlling discovery. *Ardrey v. United States Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986). As such, a district court may reopen discovery "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also Metheny v. L.E. Myers Co.*, 2018 WL 1095584, at *3 (S.D. W. Va. Feb. 26, 2018). The "primary consideration" of good cause is the movant's diligence. *Edwards v. Edwards*, 2014 WL 1573504, at *3 (D. Md. Apr. 18, 2014) (citing *Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006)).

Good cause exists to reopen discovery. The Court makes four observations. *First*, no trial is imminent. In fact, this Court held trial previously set for October 11, 2023 in abeyance to

---

[1] The Court also considered Plaintiff's Memorandum of Law in Support of its Motion to Reopen Discovery ("Pl. Mem."), ECF No. 88; Defendant's Brief in Opposition to Plaintiff's Motion to Reopen Discovery ("Def. Opp'n"), ECF No. 89; and Plaintiff's Reply Memorandum in Support of its Motion to Reopen Discovery ("Pl. Reply"), ECF No. 91.

encourage settlement between the parties. *See* ECF No. 84. After a limited discovery period, the Court expects to begin trial promptly absent settlement.

*Second*, the evidence Plaintiff seeks in reopened discovery could not be discovered before Defendant's October 13, 2023 inspection. Plaintiff could not predict what Defendant's representatives would say at the inspection beforehand. In fact, the three representatives allegedly had no prior connection to Star Technologies or its roof. *See* Def.'s Opp'n at 6. Within a month of hearing Defendant's statements at the inspection, Plaintiff filed the instant motion.

*Third*, Defendant does not challenge the relevancy of the statements to Plaintiff's claims. *See Townsend v. Nestle Healthcare Nutrition, Corp.*, 2016 WL 1629363, at *5 (S.D. W. Va. Apr. 22, 2016) (explaining relevance—not admissibility—is the key inquiry when determining "whether a settlement agreement or information concerning settlement negotiations are subject to production in discovery"). Although the Tremco employees present at the inspection may have no knowledge of the long history of this case or the roof at issue, these employees can speak to the relevant issues of Defendant's general work standards and the state of Plaintiffs' current roof. *See* Pl.'s Mem. at 5 (detailing how the depositions of the three employees present at the inspection may yield information supporting their fraud claim).

*Finally*, the statements at issue were not part of an official, written settlement offer or agreement. They were ad hoc comments made at an inspection Defendant requested to inform subsequent settlement offers. Or as Defendant puts it: "the inspection was conducted solely for the purpose of determining whether a repair could be effectuated which would resolve this litigation." Def.'s Opp'n at 3. Whether or not these statements are ultimately admissible at trial is immaterial at this stage. Information need not be admissible to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). *See also Ramaco Res., LLC v. Fed. Ins. Co.*, 2020 WL 4551245, at *5 (S.D. W. Va. Aug. 6, 2020)

(recognizing the "mere fact" information sought by the plaintiff "involves settlement communications" is "not enough to prohibit its discovery").

Defendant's caselaw is unpersuasive. In *Bradley v. Kryvicky*, the District Court of Maine excluded statements made by an expert in advance of trial at a site inspection to the extent the statements "indirectly transmit[ted]" views on the parties' settlement negotiations. *See* 577 F. Supp. 2d 466, 467–68 & n.1 (D. Me. 2008). But the Court allowed the expert to testify "to anything he observed during the site inspections, including but not limited to the condition" of the premises at the heart of the case. *Id.* at n.2. Plaintiff seeks similar information from Defendant's employees. They seek to depose the employees about their knowledge of "repairs done" by Defendant up to this point—including work allegedly "never properly performed." Pl.'s Mem. at 5. *See also* Pl.'s Reply at 6 (looking to inquire into the employees' "knowledge of the quality of work performed by Tremco"). *Bradley* does not forbid discovery into this information—even if this information influenced the settlement position of one party.

*Fiberglass Insulators, Inc. v. Dupuy* is also inapposite. There, the Fourth Circuit affirmed a district court decision precluding certain statements made by an attorney from trial. *See* 856 F.2d 652, 654 (4th Cir. 1988). The Court relied on Federal Rule of Evidence 408. *See id.* To determine whether statements are "covered by th[is] rule," the Court looked to whether the statements were "intended to be part of the negotiations for compromise." *Id.* (quoting *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)). As a result, the Court excluded "statements made by attorneys in the course of settling prior related litigation between the same parties." *Id.* at 653.

The contested statements here were not made by attorneys attempting to settle prior related litigation. They were made by employees sent by Defendant to determine the feasibility of repairs in advance of settlement offers. *See* Def.'s Opp'n at 6. Moreover, even assuming the contested

statements are inadmissible at trial under Fed. R. Evid. 408, the statements are still discoverable under Fed. R. Civ. P. 26(b)(1) if they are "reasonably calculated to lead to the discovery of other evidence that would be admissible at trial." *Equal Rights Ctr. v. Archstone-Smith Trust*, 251 F.R.D. 168, 170 (D. Md. 2008) (quoting Fed. R. Civ. P. 26(b)(1)). *See also Covil Corp. v. U.S. Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 603 (M.D.N.C. 2021) ("[S]ettlement agreements remain discoverable to the extent they possess relevance under Rule 26(b).") (citation omitted). The Court finds Plaintiff's proposed depositions about the quality of the work performed by Defendant on Plaintiff's roof are reasonably calculated to reveal admissible evidence at trial.

In sum, the Court finds Plaintiff establishes good cause to reopen discovery in this case.

## CONCLUSION

The Court **GRANTS IN PART** Plaintiff's motion. The Court reopens discovery until **Tuesday, February 6, 2024**. During this time, the parties are limited to deposing persons present at the October 13, 2023 inspection of Star Technologies LLC's roof. Should the parties wish to revise expert reports based on this discovery, the Court **DIRECTS** these reports be disclosed by **Tuesday, February 20, 2024**. The Court also **DIRECTS** the parties to confer and inform the Court of proposed dates for trial by **Monday, January 8, 2024**. Should the parties be unable to agree on a new date, the Court will set a scheduling conference.

ENTER:   December 6, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE